**CHESTNUT RIDGE ASSOCIATES, LLC, Plaintiff–Appellant,**

v.

**VILLAGE OF CHESTNUT RIDGE, Defendant–Appellee.**

**No. 05–5418–CV.**

United States Court of Appeals, Second Circuit.

Sept. 6, 2006.

Henry M. Grubel, Freeport, NY, for Plaintiff–Appellant.

Lewis Silverman, Rutherford & Christie, New York, NY, For Defendant–Appellee.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant, Chestnut Ridge Associates, appeals from a judgment, entered in the United States District Court for the Southern District of New York (Stephen Robinson, *J.*), granting Defendants' motion to dismiss Plaintiff's 42 U.S.C. § 1983 claims pursuant to FED. R. CIV. PROC. 12(b)(6). Familiarity with the record below and the issues on appeal is presumed.

"We review a Rule 12(b)(6) dismissal de novo, accepting all of the plaintiff's allegations as true and drawing all inferences in a manner favorable to the plaintiff." *United States v. City of New York*, 359 F.3d 83, 91 (2d Cir.2004) (internal quotations omitted). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a claim for "failure to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). This Court will only dismiss the complaint for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

The Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [ ]he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam). The comparator cited in the complaint—a neighboring bus depot—was not similarly situated to Plaintiff as a matter of law. Moreover, even if Plaintiff's broad allegation that it was "subjected to different treatment by the defendants than have other similarly situated landowners in the municipality" is sufficient to allege intentional different treatment notwithstanding the specific identification of an incorrect comparator, we do not need to resolve that tension in this case. We hold instead that the complaint fails to allege sufficient facts to support the second prong of the equal protection pleading requirement—that there was "no rational basis for the difference in treatment" alleged to have been suffered by Chestnut Ridge. *Id.* Since we may affirm the judgment of the district court on any ground appearing in the record, whether or not relied upon by the district court, *Boule v. Hutton*, 328 F.3d 84, 92 (2d Cir.2003), we find that Chestnut Ridge failed to state an equal protection claim.

We have considered Plaintiff's remaining contentions and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.